Good morning. May it please the Court. Monique Olivier for Plaintiff and Appellant, Harold DeGraff. I'd like to start out with the Court's jurisdictional question. When the complaint was filed, the complaint alleges sufficient facts to establish CAFA jurisdiction. And I can walk the Court through the allegations in the complaint that do establish CAFA jurisdiction. However, and I'll go to the Court. But, Counsel, you didn't assert CAFA jurisdiction. You simply said jurisdiction under the diversity statute. That's correct, Your Honor. It is the same statute, 28 U.S.C. section 1332. It does not specifically state the subsections that relate specifically to CAFA. But clearly, you do not have jurisdiction under subsection A. There is no diversity here. Is there? That's correct, Your Honor. There is minimal diversity under D-2. And so the question then has to be whether you have alleged 100 claimants and a minimum amount of $5 million, isn't that correct? That is correct, Your Honor. And I do believe that those allegations do exist on the face of the complaint. However, in all candor, I have spoken with Mr. McIntyre, who's informed me that just this morning, that his understanding is that the putative class would be less than 100 individuals, which was not our understanding at the time that we filed the complaint. Well, even if ultimately it may be over or under, paragraph 14 talks about dozens of persons. You're right, Your Honor. And dozens does not equal 100. And there has to be some standard that we apply here to determining whether the 100 minimal number of 100 is met. And I don't see anything else in there other than that reference to dozens of persons. So help us there. Sure. I would refer the Court to two paragraphs. The paragraph that identifies the scope of the class, which is all attorneys of Perkins in California at any time since May of 2008. So that's a four-year statute of limitations.  statute of limitations. That's paragraph 12, Your Honor. And then paragraph 6. Wait, wait. Let me stop you for a minute before you go further. Paragraph 2 talks about your proposed class members as attorneys who work or have worked at defendant's California offices as employees of Perkins Coie. And as I understand, there's two different ways you can come on as a partner there. One, you're using the word employee here. So we don't really have any idea of what that number is, do we, based on the complaint? The complaint does state that there are over 800 attorneys in Perkins offices, and there's a substantial presence in California. The complaint does not specifically state how many attorneys during the class period would have fallen under the shareholder-employee definition. It was our understanding at the time of filing the complaint that that number would exceed 100. You were trying to tell us something a little earlier, and one of our questions waylaid you about a conversation you had this morning, and there's a difference, apparently, about what you understood when it was filed and now. That's correct, Your Honor. Could you catch us up, please? Sure. At the time we filed the complaint, it was our understanding that the proposed class would exceed 100 members. However, Mr. McIntyre has informed me that Perkins the information that Perkins has is that the class would be under 100 individuals, and that's new information to me. I just learned that last night. But we look at the time the complaint was filed. That's what we look at. Right. And at the time the complaint was filed, it was our understanding that there are more than 100 individuals in the case, and we believe that looking at all of the allegations combined, you have a statement that the class encompasses attorneys going back four years from the time of filing, and then you also have a statement that there are over 800 attorneys in Perkins' offices. But it doesn't say all attorneys. It's a subset of attorneys at Perkins. I understand that, Your Honor, and it was our understanding. And you're right that the complaint is not crystal clear on that point. I think that the allegations still support the CAFA jurisdiction because it does sort of set out what the class would look like, what the time period is, and the overall number of attorneys at the Perkins' offices. Does it talk about $5 million anywhere? So the $5 million comes from, if you look, it does require a little bit of math, but if you look at paragraphs 19 to 38 of the complaint, those set forth the categories of costs that the plaintiff is seeking on his behalf and on behalf of the class. And those costs have some subtotals, so there's a subset within those paragraphs and there are some amounts that are set out. So the total amount just of that subset is over $65,000. So assuming at least 100 class members, we get to the $5 million minimum. Okay. That's the only way I could get there, too, by doing the math and assuming that you have to fill in some number for the dozens and dozens. And I guess your position is that you thought at the time it was over 100 and that each would have comparable damages? And that allegation is in the complaint, Your Honor, that the costs were the same costs that are at issue for our plaintiff were at issue for the rest of the members of the class. But those figures are dependent on how much somebody is making, right? For instance, you have the Social Security withholdings, which will be different depending on how much is what salary they're getting. There are some variabilities, but given that this is essentially a very similar class in terms of salary and the other benefits, because they're all treated the same way under the contract, and the contract delineates these specific costs, and then in addition there are practices that Perkins had that are not reflected in the contract. And these are all – these allegations are all set forth in the complaint that where each class member would have been subject to the same policy and practice that involved assessing these costs against the plaintiffs and the plaintiff and the additional class members. Not to belabor the point, but they're not for capital costs, right? Isn't it correct that, going back to Judge Seabright's question, that really all of these would be assessed as a function of the total compensation earned by each of these individuals? So we don't really know. It doesn't seem to me to be discernible from the complaint, and I just want to give you a chance to respond. Yeah, I'm not sure. I mean, I think that's the case with at least – with some of the costs, but, you know, the complaint sets out the various categories, and some of those categories like the shareholder loan would differ, the Social Security and Medicare would differ from partner to partner, from employee to employee, from class member to class member, but we don't anticipate that there would be great differences in those amounts. And again, because the policies and practices as alleged, and we allege that they apply to the class as a whole, we don't think there would be sufficient differentiation in terms of the cost to put us below the – certainly below the 5 million minimum amount in controversy, particularly given that what's on the face of the complaint is the plaintiff's – one subset of the plaintiff's damages, and that amount is over $65,000. Even accepting that, even if we do accept that, you have the burden to prove this statement? We have the burden to comply with the Federal rules. Federal Rule 8 states that we need to include a simple – a short and plain statement as to the – As to subject matter jurisdiction. You have the burden to prove subject matter jurisdiction. Correct, Your Honor. I still don't see anywhere in here that tells me I can find that you have 100 potential class members. I've pointed the Court to the provisions that I believe established that the – that it was our belief at the time that the class exceeded 100 individuals. Why didn't you say that? I also – I'm sorry. No, no. I just asked why wasn't that said. If you're asking me, could the complaint have been clear? I appreciate Your Honor's position. We stated the facts that we thought supported jurisdiction and the basis for the claims that we asserted. Counsel, if we are not persuaded by your argument, must we remand or can we dismiss for lack of jurisdiction? I do not believe that you could dismiss for lack of jurisdiction without more. I think that you could – if the Court continues to have concerns that there is a jurisdictional question, then you would remand to the district court and then the district court in due course could – in typical fashion would issue an order to show cause. And at that point, we would either amend to state the appropriate allegations if we believe we can do so, or if not, and there is a showing that we don't meet the jurisdictional requirement at that time, then the case would be dismissed for lack of jurisdiction. Are you in a position to assure us that if we do remand, you will be able to establish that there are 100 members of this class? Given the information that I just received from Mr. McIntyre represents Perkins, no, I am not – I cannot assure this Court that we can meet that, the requirement in terms of the 100 members. Would you like to reserve, or would you like to discuss the merits, or it's up to you? If the Court wishes to hear the argument on the arbitration issue, I'm ready to proceed on that ground. It's your time. Okay. So turning briefly to the – to the arbitration clause at issue in this case, the clause has several provisions that do not meet the standard for unconscionability, whether you view that under California law, Washington law, or under the Armendariz right-stripping analysis. The district court correctly found that there was procedural unconscionability and also correctly found that the secrecy provision is substantively unconscionable. So I want to focus on two other provisions that, when combined with the secrecy provision, render the entire clause unenforceable. The first provision is the costs and fees provision. So this provision has three separately offensive components. First, under the wage laws that the plaintiff seeks to enforce, only prevailing employees are entitled to recover fees. Perkins clause rewrites that law and requires the arbitrator. It's not discretionary. It requires the arbitrator to force the plaintiff to pay Perkins fees should Perkins prevail. And that type of provision is specifically disallowed in Labor Code section 226 and 227 that the plaintiff proceeds under, as well as CCP section 1021.5. The Labor Code sections explicitly state that prevailing fees, that costs and fees are only to be awarded to a prevailing employee, and 1021.5 says only to a prevailing plaintiff. The case law to my left, your argument is that you, your clients are employees within the meaning of the California Labor Code. I believe it's section 3351. Is that your position? Our position, Your Honor, is that the Mr. Degraff and the other class members are employees under the Labor Code generally, and California contains a presumption of employee status as long as one shows that one has performed work for another. And that's the case. Well, what about 3351.f, which says, which excludes all working members of a partnership receiving wages irrespective of profits? That is, that's the definition of employee. So to the extent that the compensation is based on profits, which apparently it is according to partnership agreement, I don't see how you can come within the definition of employee. Your Honor, section 3351 is part of the workers' compensation provision of the Labor Code. This Court and the California Supreme Court have time and time again recognized that employee is not, is not identified, is not specifically defined in the Labor Code for purposes of the wage provisions. And so where we start, as this Court recognized both in the Narayan case and in the Ruiz case, is a presumption of employee status as long as the plaintiff makes a primitive case that the he performed work for another. There's no dispute here that Mr. Degraff performed work for Perkins. The burden then shifts under California law, again, as this Court has recognized, to Perkins to demonstrate that Mr. Degraff is not an employee and comes on and is not subject to the protections of the wage provisions. So the starting place for this Court is that Mr. Degraff, fairly stated both from the allegations of the complaint and the documentary evidence that is now part of the California. In fact, the different plaintiffs ---- Roberts. He shared in the profits, right? That, Your Honor, is not a fact that we concede at this point. In fact, the way that the partnership was structured, it's our position that Mr. Degraff did not share in the profits in sort of the traditional sense of a law partnership. He was treated as a W-2 employee. Again, that's a fact that's undisputed in the record. And he had a set compensation, and then against that compensation a number of costs were taken from him. So what he thought he was going to be entitled to in terms of a salary, and he, again, this is in the record, he states that he, you know, never considered himself a partner, understood that he would be joining as an employee, and in fact signed an employment agreement that designates him as an employee. This does not come under any sort of traditional view of a partnership, and in that sense doesn't share, did not share in the partnership profits. You're over your time. Thank you. Thank you. Good morning. May it please the Court. I'm Ron McIntyre. I represent the appellees and defendants. The Court apparently is very interested in the jurisdictional issue, and I can understand why, and frankly, I'm embarrassed we did not raise this, these issues ourselves early in the case, and I apologize to the panel for that. We tend to look at these cases in the sense of let's get them to arbitration. That's what the partnership agreement provides for, and it really doesn't matter which court they're originally brought in. We think they belong in arbitration. But now that the Court has raised that, I asked our paralegal in charge of these corporate partnerships yesterday to do the research as to how many shareholder employees would fall into this purported class, and the purported class is in paragraph 12 of the complaint. It is all attorneys who have been treated as shareholder employees, in quotes, of prior to the filing of the original complaint in the section through the date of final judgment. The original complaint was filed in May of 2012, so I asked her to go back to May of 2008 and determine how many shareholders there were in Perkins Coie, California, P.C., up until the present date. And that number is 64. I asked her also to give me the number as of the date of filing of the complaint, and that number is approximately 57. So those include folks who are still there and those who have come and gone? Exactly. There are currently 50, and then some have come and gone over the years. So most elected to go the other route. Is that what you're telling us? The individual partner route? Right. No. No. So how many partners are there in California? At the current time, somewhere a little bit north of 50. Very few elect the individual partnership. Most elect the corporate partnership, because it's just easier. All right. So given those facts, it seems to me that the district court did not have jurisdiction, and unfortunately, this Court does not have jurisdiction. I guess that leaves us with two avenues. One is we could seek leave to augment the record before this Court, and I could provide the records and a declaration establishing the number or the class members, or we could be remanded to the district court, where I would present that information to the district court. And given that, I don't see any need to address the merits. Well, if we do remand, let me make a suggestion, and this is sort of I'm wearing more of a district court hat than a circuit court hat in some ways, maybe, in making this comment, but I suggest you share all of that discovery with the other side and you folks sit down, and if you're in agreement there's no jurisdiction in federal court, then look to see where you need to go and let the district court know that as opposed to wasting everyone's time alone. I appreciate that. Again, I apologize. Right. Not at all. Judge O'Skellin, do you have any other questions? Sometimes it's hard to get in a room where you have twice. It seems to me that perhaps Judge Seabright's suggestion, which is well stated, might even be useful before this case is finally decided at our level. I'm happy to do that. In other words, if counsel need to determine that there is no jurisdiction, perhaps an appropriate motion to dismiss the appeal or something like that could be found. We'll pursue that. Thank you, Your Honor. Do you want us to hold off on issuing anything for a period of time, a couple of weeks, something of that sort? Would that be helpful? I think that would be appropriate. Anything further? No, thank you. Would you like any opportunity to respond? No, Your Honor. All right, then we'll consider this matter submitted and we'll be in recess. Thank you.
judges: Seabright, O'scannlain, Christen